UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Cr. No. 06-150 (HHK) |
| | : | |
| DENARD SMITH, | : | |
| | : | |
| Defendant | : | |

## SENTENCING MEMORANDUM

On June 19, 2006, Mr. Smith plead guilty to a one-count, Information charging him with Demand and Accepting Gratuities, in violation of 18 U.S.C. § 201 (c)(1). He will appear before this Honorable Court for sentencing on September 6, 2006. Mr. Smith, through undersigned counsel, respectfully submits the following information for the Court's consideration in determining a fair and just sentence.

## BACKGROUND

On May 30, 2006, a one-count information was filed charging Mr. Smith with Demand and Accepting Gratuities, in violation of 18 U.S.C. § 201 (c)(1). Mr. Smith pled guilty to the information on June 19, 2006, pursuant to a written plea agreement. Pursuant to the plea agreement, the government agreed to a two-level reduction for acceptance of responsibility, pursuant to §3E1.1. Further, Mr. Smith has agreed to pay an order of restitution in the amount of $4,000.00.

The Pre-Sentence Report calculates the applicable sentencing range under the United States Sentencing Guidelines (hereinafter "Guidelines") as a range of 8 to 14 months within Zone C. See PSR, ¶ 72, pg. 12. There are no disputes to this calculation, however, Mr. Smith submits

that the factors identified in 18 U.S.C. § 3553(a) support his request that he be sentenced to a term of probation.

## ARGUMENT

Notwithstanding the agreements stated in the plea agreement, it should be noted, however, that the Guidelines are not mandatory, but merely advisory. The factors identified in 18 U.S.C. § 3553(a) support Mr. Smith's request that he be sentenced to a term of probation. The Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220, 260 (2005). These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)). Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in

> determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.** (Emphasis added).

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

A review of all of the applicable factors set forth in § 3553(a) demonstrates that a sentence of probation would be warranted in this matter, and that a sentence of imprisonment within the Guideline range would be greater than necessary to meet the sentencing purposes set forth in § 3553(a)(2).

## I.    Factors of Mr. Smith that the Court Should Consider under § 3553(a)(1)

### I.    *Nature of the Offense*

The crime to which Mr. Smith pled guilty to is a very serious offense. His conduct has not only caused great hardship and pain to himself, the government for the District of Columbia, and his co-workers - but it has also had a detrimental effect on his family. As the PreSentence Report states, between the summer months of 2005 thru January 2006, Mr. Smith accepted cash payments from individuals or entities in the District of Columbia, in lieu of issuing a ticket or shutting down work sites for non-compliance. Mr. Smith deeply regrets these actions and it very remorseful for the harm he caused to his children, his family, and the individuals and/or entities who were harmed by his actions.

Upon confrontation by law enforcement in January 2006, Mr. Smith was very candid and cooperative regarding these actions. He immediately admitted his wrongdoing and expressed

deep regret for his actions. Further, there is additional information surrounding Mr. Smith's contact with law enforcement officers that undersigned counsel would like to provide to the Court at the bench at the sentencing hearing. The Assistant United States Attorney has been advised of this request and has no objection.

II.     *Characteristics of the Defendant*

Mr. Smith is a 33-year-old man who has been a lifelong resident of the metropolitan D.C. area. Mr. Smith's education and employment history tells an important, but incomplete, story. The fact that Mr. Smith has no criminal history speaks volumes with respect to his character. Throughout his life, Mr. Smith has tried to do the right thing–going to school, becoming a parent and having a significant impact on the lives of his children, and maintaining consistent employment. Even in the instant case, while he made a very significant mistake, Mr. Smith admitted having done so, waived his right to file any pre-trial motions, accepted responsibility very early on, and pled guilty in a timely fashion.

As evidenced by the attached letters from his family - including his mother, father, step-mother and step-father, sister, and two former co-workers[1], Mr. Smith's actions in this case have impacted him in more ways than he could have ever anticipated. He is a very committed father to his children and they are a driving force in his life. As the PreSentence report states as well as the attached letters, Mr. Smith has sole custody of his oldest son, Denard Smith, Jr. Mr. Smith fought tirelessly in the courts to obtain sole custody of Denard, Jr., after it was learned that Denard, Jr., was being abused by his mother. Mr. Smith has worked very hard to undo the

---

[1] Please see the attached letters from various family members and former co-workers. As evidenced in these letters, Mr. Smith's presence and support for his children - both emotionally and financially - contribute to his children's stability.

emotional damage that Denard, Jr., sustained as a result of the abuse. Mr. Smith has an extremely close relationship with Denard, Jr., and is the primary force in Denard, Jr.'s life. Further, Mr. Smith has two other children in addition to Denard, Jr., whereby he has a very active role in their lives. His daughter Diarra Smith resides in Fredericksburg, Virginia, with her mother; however, Diarra visits with her father every other weekend at his home in Washington, D.C. Mr. Smith's youngest child, Jabari Smith, who is two years old, is back and forth between Mr. Smith's home and Jabari's mother's home. Denard, Jr., is very close with both his siblings.

The combination of Mr. Smith's family responsibilities, his extremely close relationship with his eldest son Denard, Jr., in addition to his other two children, his employment history, and the fact that Mr. Smith's involvement in the instant office is his only involvement with the criminal justice system clearly warrant a sentence below the applicable guideline range. Of particular note is that Mr. Smith has no criminal record. This crime clearly constitutes aberrant behavior on his part. Clearly, Mr. Smith's motivation for committing this offense - supporting his family which included the costs of child care and raising his children - is a circumstance the court should consider. If he is incarcerated, Mr. Smith's family will be severely impacted. In particular, his son Denard, Jr., will not have a place to live as Mr. Smith will likely lose his apartment and Mr. Smith will lose his present job with Nia Community Public Charter school as a security guard.

### III. Disparity in Sentencing

Imposing a sentence below the Guideline range would not promote an unwarranted sentencing disparity. Disparities arise not only from sentencing determinations by courts, but from charging decisions made by the government and by individuals' ability or inability to

5

successfully cooperate with the government. In the District of Columbia, the United States Attorney's Office has the unilateral ability to determine whether any particular defendant should be charged in local court or charged in federal court. If Mr. Smith had been charged in Superior Court, The Superior Court of the District of Columbia Voluntary Sentencing Guidelines would apply. Under those guidelines, the appropriate sentencing range for a person convicted of bribery with no criminal history - as is the case with Mr. Smith - would be a range of 6 to 24 months whereby either a term of prison, a short split sentence or straight probation may be imposed. Therefore, Mr. Smith would be eligible for a term of straight probation if his case had been prosecuted in Superior Court. However, because Mr. Smith's applicable guideline range is in Zone C of the Federal Sentencing Guidelines, either a sentence of imprisonment or a split sentence is applicable. Therefore, the fact that a straight probation term is not available to Mr. Smith under the Guidelines in district court demonstrates an unwarranted sentencing disparity under § 3553(a).

When considering potential disparities and the Guidelines, the Court should also consider that in 2003, the Sentencing Commission issued a policy statement, contained in U.S.S.G. §5K3.1, in which the Commission approved of a downward departure of up to 4 levels for defendants who agreed to plead guilty very early on in the proceedings. Disparities unrelated to a defendant's offense or criminal history occur based on the disparate use of this policy statement among United States Attorneys' Offices. Our district does not have such a program, while others do.

The merits of the policy statement in § 5K3.1 are readily apparent. Early dispositions conserve scarce prosecutorial and judicial resources. Section 5K3.1 implements the Sentencing

Commission's desire that defendants who agree to plead early on in the proceedings receive additional dispensation. Here, Mr. Smith admitted his guilt to the investigative agents as soon as he was confronted and indicated his willingness to plead guilty very early on in the proceedings. Mr. Smith saved scarce prosecutorial and judicial resources by his early decision to cooperate with law enforcement and pled guilty in a timely fashion. Therefore, if § 5K3.1 applied in the District of Columbia, it is likely that Mr. Smith would have received a four level reduction. A four level reduction in the offense level here would reduce the Guidelines range from 8 to 14 months, a guideline range in Zone C, to 0 to 6 months, a guideline range in Zone A - thereby resulting in an opportunity to receive a term of straight probation.

>   *IV. Sentencing Mr. Smith to a Sentence of Incarceration would be Unduly Punitive and Would Have a Significant Impact on the Needs of his Children and the Need to Provide Restitution to the Victim*

The Court should consider the sum of restitution in this case, $4,000.00. If Mr. Smith is given a term of incarceration he will be unable to provide restitution in a timely fashion - if at all. The need to provide restitution to the victim in this case shall be considered by this Court pursuant to § 3553 (a)(7) in determining an appropriate sentence for Mr. Smith.

The imposition of a sentence of imprisonment in the instant case would serve no purpose other than punishment. A sentence of imprisonment on him would prove more detrimental to his character than rehabilitative or instructive. Punishment is indeed one of the purposes of sentencing, but the toll the instant case has taken on his spirits and his family, and the fact that, in any case, conditions will be imposed and his liberty restricted certainly serve -  in Mr. Smith's case - as adequate punishment. Further, the impact incarceration would have on his son Denard, Jr., would stunt his growth and emotional stability that both of them have worked so hard to

achieve.

Sentencing Mr. Smith to a term of probation[2] is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Mr. Smith with needed educational or vocational training and medical care" while also allowing Mr. Smith to repay the victims in this case for his wrongdoing.  See 18 U.S.C. § 3553(a).

## **CONCLUSION**

For all of the foregoing reasons and such other reasons that may be discussed at the sentencing hearing in this matter, Mr. Smith respectfully submits that a sentence of probation is adequate to promote the relevant sentencing objectives at issue in this case.

                                    Respectfully submitted,

                                    A.J. KRAMER
                                    FEDERAL PUBLIC DEFENDER

                                    _____/s/_____
                                    Dani Jahn
                                    Assistant Federal Public Defender
                                    625 Indiana Avenue, N.W., Suite 550
                                    Washington, D.C.  20004
                                    (202) 208-7500

---

[2] If the Court is of the belief that a straight term of probation is inadequate to meet the sentencing objectives of § 3553(a), the Court should consider sentencing Mr. Smith to a term of home detention as a special condition of his probation.